BRIGHT, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority’s decision in sections 2(A) and 2(B) of its opinion that the Board’s order must be enforced as it pertains to the t-shirt incident and to Shieldnight’s remarks about a union meeting.
I do not agree with the majority’s reversal of the Board’s order, in section 2(C) of the majority opinion, as to Shieldnight’s remarks about a union card.
The majority errs in requiring the Board to interpret the concept of “solicitation” as the majority interprets and applies the concept. In reaching this decision the majority has, I believe, erred in three ways: (1.) It has misconstrued an issue of law as an issue of fact; (2.) it has misapprehended the role of the concept of “solicitation” in labor law; and (3.) it has not granted that deference to the Board which the Supreme Court has held we must grant. I discuss these points briefly in turn, after first stating what the Board decided in this case.
The Board’s decision concerning “solicitation” in this case has two aspects: First, a legal conclusion that Sections 8(a)(1) and 8(a)(3) of the Act protect an employee’s union-related activity in the workplace so long as the activity .does not have significant potential to disrupt the workplace. Second, the Board’s empirical judgment that talk about union cards which does not require some immediate active response by the listener does not, as a general matter, have significant potential for disruption — and thus cannot be barred as “solicitation” under a lawful “non-solicitation” policy. See In re Wal-Mart, 2003 WL 22273588, *3 (N.L.R.B.) (op.below). 1.
We do not review here the Board’s findings as to the facts of this case, which *1101 would be reviewed under the substantial evidence standard that the majority states. Wal-Mart has repeatedly emphasized, in briefs and at oral argument, that it disputes not the facts, but only the Board’s definition of “solicitation.”[1] See Appellant’s Br., passim; Reply Br., passim. Indeed, the majority does not overturn any finding of fact. Rather, the majority decides that the undisputed facts constitute solicitation. In other words, the majority decides that the facts meet the majority’s definition of “solicitation,” reversing the Board’s narrower definition of “solicitation” described above. See'maj. op., supra, at 1099-1100.
In reversing the definition that the Board stated, the majority reviews the Board’s conclusion of law that the Act protects non-disruptive activity and the Board’s policy judgment as to the general empirical question about what sorts of activities have significant potential to disrupt the workplace. Neither question requires reviewing the Board’s findings of fact for substantial evidence.
2.
The majority has reviewed the Board’s definition of “solicitation” as if that word appears in the Act — as if we are reviewing the Board’s construction of statutory language — or as if the Board were interpreting a contract to determine the intent of the parties. The word “solicitation” does not appear in the Act. And the Board did not interpret Wal-Mart’s non-solicitation policy as if it were a contract.
“Solicitation” is a term of art the Board has developed through decades of its case law, to determine what conduct companies may lawfully proscribe through “non-solicitation” policies. See, e.g., Overnite Transp. Co., Inc., 332NLRB 1331, 332 NLRB 138, 2000 WL 1803047 (2000); St. Luke’s Hosp., 300 NLRB 836, 837 (1990); Ralph Nenner, M.D., et al., 253 NLRB 644, 648, 1980 WL 12633 (1980); Farah Mfg. Co., 187 NLRB 601, 601-02 (1970); Cook Paint & Varnish Co., 129 NLRB 427, 435 (1960); May Dep’t Stores Co., 59 NLRB 976, 981 (1944) [“Solicitation Cases”].
In this case, Wal-Mart had a “non-solicitation” policy that read simply, “Associates may not engage in solicitation ... during working time.” J.A. at 527. Like any policy, this non-solicitation policy is enforceable to the extent it is lawful under the Act, and unenforceable to the extent it violates the Act. See Solicitation Cases.
The Board decides what activities are protected by the Act, thus deciding what can and cannot count as “solicitation” — and be forbidden — under policies such as Wal-Mart’s. That is, the Board defines “solicitation” so as to render non-solicitation policies lawful under the Act, as implemented by the Board.[2] See Id.
The Board does not interpret the policy as if it were a contract, to determine the intent of the parties, and then decide whether the contract is lawful under the Act or not. In its case law, the Board simply decides what activities are protected by the, Act, and treats those activities as non-solicitation — because companies cannot forbid them as “solicitation.” See Id.
*1102 " When the Board defines “solicitation,” therefore, it is neither construing a term of the Act, nor is it interpreting a company’s non-solicitation policy. It is deciding what activities are protected by the Act. It is defining a term of art, which incorporates the Board’s construction of the Act and the Board’s policy judgments as to general empirical matters concerning industrial life. See Id.
When we review the‘Board’s definition of this non-statutory term of art, we are not reviewing a construction of a specific statutory term or a construction of a contract. We are reviewing the Board’s construction of the Act as a whole and the Board’s policy judgments as to matters within the area of its special competénce. 3.
The Supreme Court has long held that we must defer to the Board’s construction of the Act, so long as it is reasonably defensible.[3] See NLRB v. Town & Country Elec., Inc., 516 U.S. 85, 89-90, 116 S.Ct. 450, 133 L.Ed.2d 371 (1995); Chevron, U.S.A., Inc. v. Natural Resources Def. Council, Inc., 467 U.S. 837, 842-44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); NLRB v. Local Union No. 108, 434 U.S. 335, 351, 98 S.Ct. 651, 54 L.Ed.2d 586 (1978). The Supreme Court has also held that we must defer to the Board’s reasonable policy judgments concerning general empirical matters of industrial life. See NLRB v. Erie Resistor Corp., 373 U.S. 221, 236, 83 S.Ct. 1139, 10 L.Ed.2d 308 (1963).
The majority does not consider whether the Board’s legal conclusion that the Act protects non-disruptive activity is reasonable. Nor does it consider whether the Board’s policy judgment as to the general question about what sorts of activities have significant potential to disrupt the workplace is reasonable. -Rather, by overturning the Board’s definition of the non-statutory term of.art “solicitation,” the majority — granting no deference to the Board — reverses the Board’s construction of the Act and its empirical judgment concerning the actualities of industrial life.
On the record before us, the Board’s determinations are reasonable. Challenging their reasonableness, Wal-Mart asserts that if we allow the Board’s judgment to stand, then we will soon have fistfights on the sales floor, Appellant’s Br. at 22, and union activists in sandwich boards strolling through the kitchenware aisles of Wal-Mart stores, id. at 36. These exaggerated assertions do not overcome the Board’s reasonable judgment on the issues raised on appeal.
I would enforce the order in its entirety.

. At oral argument, Wal-Mart's first substantive statement was, "The critical facts in this case are really not in dispute.” After stressing the absence of such'dispute for two minutes, counsel concluded: "What all that boils down to is that the only issue is: Was this— were these — -acts solicitation or not?”

. The Board could approach its task differently. It could decide what the company means by "solicitation,” and then decide whether the policy is lawful and to what extent the company can enforce it. The result of this more roundabout approach would be the same. But the Board has not generally taken this approach.

. On this point, Wal-Mart's counsel erred in asserting that "The. Board’s conclusions of law are reviewed de novo.” Appellant's Br. at 14; Reply Br. at 2. Counsel cited a holding from a Sixth Circuit case' — a holding that the Sixth Circuit repudiated only six months later, as contrary to binding Supreme Court precedent. Compare Evergreen Healthcare, Inc. v. NLRB, 104 F.3d 867, 873 (6th Cir.1997) (cited in Appellant's Br. at 14 and in Reply Br. at 2) with NLRB v. Webcor Packaging, Inc., 118 F.3d 1115, 1119 (6th Cir.1997).